Michael Machat, Esq. SB#109475
MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 730
Beverly Hills, California 90210
Telephone: (310) 860-1833
Telefax: (310) 860-1837
Email: info@machatlaw.com

Attorneys for Plaintiffs
Vampire Brands, LLC and
TI Beverage Group, Ltd.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAMPIRE BRANDS, LLC, and TI BEVERAGE GROUP, LTD, <br><br> Plaintiffs, <br><br> vs. <br><br> VAPING VAMPS, MARIA VERVEN and DOES 1 THROUGH 10, INCLUSIVE, <br><br> Defendants. | CASE NO. CV13-02725 JFW (RZx) <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

For its Complaint, Plaintiffs VAMPIRE BRANDS, LLC and TI BEVERAGE GROUP, LTD hereby allege and assert as follows:

## I. JURISDICTION AND VENUE

1. Plaintiffs bring this action for injunctive relief and damages arising out of the unauthorized, unfair, and deceptive competitive practices of Defendants, and each of them, in connection with the commercial use and exploitation of trademarks

in violation of the Lanham Act.

2. This action arises under the Trademark Laws of the United States, including particularly, Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125. Jurisdiction is conferred on this Court by 15 U.S.C. Section 1121(a), by 28 U.S.C. Section 1338(a), in that this case arises under the Trademark Laws of the United States, 15 U.S.C. Sections 1051, *et seq.*, and by principles of pendent jurisdiction. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) as Defendants transact business in California, and a substantial part of the events or omissions giving rise to the claim occurred within this District.

## II. THE PARTIES

1. Plaintiff VAMPIRE BRANDS, LLC ("VAMPIRE BRANDS") is a Delaware Limited Liability Company.

2. Plaintiff TI Beverage Group, Ltd. ("TI BEVERAGE GROUP") is a Delaware Corporation with its main business office located within Los Angeles County, California. Plaintiff TI BEVERAGE GROUP does business as Vampire Vineyards.

3. Defendant VAPING VAMPS is, upon information and belief, an unknown type of entity with its headquarters in Minnesota. Upon information and belief, Defendant VAPING VAMPS markets and distributes e-cigarettes branded as "Vaping Vamps" throughout the United States (including California).

4. Defendant MARIA VERVEN is, upon information and belief, the founder and the owner of VAPING VAMPS. Upon information and belief, defendant MARIA VERVEN resides in Golden Valley, Minnesota.

5. The true names and capacities, whether individual, corporate or otherwise of Doe Defendants 1 through 10 inclusive, are unknown to Plaintiffs, who therefore sue them by such fictitious names. Plaintiffs will seek leave to

2

amend this complaint to allege their true names and capacities when they have been ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiffs' damages as herein alleged were proximately caused by those Defendants. At all times herein mentioned, Plaintiffs are informed and believe and based thereon allege that, at all times herein mentioned, each of the defendants sued herein, including the Doe Defendants 1 through 10, inclusive, were the agents, servants, employees or attorneys of their co-Defendants, and in doing the things hereinafter alleged were acting within the purpose, course and scope of such agency and employment, and with the authority, permission and consent of their co-Defendants.

## III. FACTS GIVING RISE TO THIS ACTION

6. Plaintiff TI BEVERAGE GROUP has been marketing beverages for many years under the following brand names, amongst others: VAMPIRE (for wines – US Trademark Registration No. 2263907); VAMPIRE VINEYARDS (for wines – US Trademark Registration No. 3418138); and VAMP (for energy drinks – US Trademark Registration No. 2681906).

    a) Plaintiff VAMPIRE BRANDS, LLC,' is the Owner of these aforementioned brands and trademarks, and Plaintiff TI Beverage Group is its licensee. By virtue of its extended use in commerce, the aforementioned VAMPIRE registration (2263907) has become incontestable.

    b) Beginning in 2012, Plaintiffs entered the electronic cigarette business and began selling VAMP electronic cigarettes. On April 9, 2013, the USPTO issued US Trademark Registration No. 4318651 to Plaintiff VAMPIRE BRANDS for VAMP in International Class 34 for Electronic Cigarettes.

    c) All of the marks mentioned in this paragraph 6 (including

3

1 sub-paragraph 6a and 6b) are referred to herein as "Plaintiff's Family of Vampire
2 Brands."
3     7.     Plaintiffs market its brands through a national network of wholesalers,
4 at its Vampire Lounge & Tasting Room located in Beverly Hills, and via the
5 following websites: www.vampire.com; and www.vampirevineyards.com; amongst
6 other websites.
7     8.     Plaintiff and its associates and employees work hard to insure that they
8 put the best wine in the bottle as possible. Over the last few years, Plaintiffs
9 Vampire family of wines have received some great reviews and have won Gold
10 Medals, including most recently a Gold Medal and 92 Rating from the Los Angeles
11 International Wine & Spirits Competition awarded in the summer of 2012 to
12 Vampire Cabernet Sauvignon.
13     9.     Vamp has two common meanings; the first is a short abbreviation for
14 Vampire; the second is a woman who seduces men for her own advantage.
15 Plaintiffs' marketing of its products plays off of both definitions of Vamp.
16     10.     Unbeknownst to Plaintiff until recently, defendants have been selling
17 electronic cigarettes and branding it with Plaintiff's Vamp mark. Defendants
18 appear to be utilizing the second meaning of vamp – that of a seductress who uses
19 her charm to manipulate others.
20     11.     Plaintiffs have spent substantial amounts of time and money building
21 up, advertising, and promoting its brands. By virtue of the popularity of its brands,
22 its advertising, promotion, and sales, plus the popularity of its websites, including
23 vampire.com, Plaintiffs have built up and own extremely valuable goodwill which
24 is symbolized by Plaintiffs various marks.
25     12.     Defendants' marketing, sales and distribution of electronic cigarettes
26 bearing the VAMP brand name infringes upon PLAINTIFFS' Family of Vampire
27 marks.
28     13.     Certain members of the public have become confused as to the source of

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 730
Beverly Hills, California 90210
Telephone: (310) 860-1833

origin of defendants' Vaping Vamps line of E-Cigarettes. If defendants are not stopped from marketing electronic cigarettes under the name VAPING VAMP, it is likely that consumers will continue to become confused about the source of origin of defendants electronic cigarettes and mistakenly conclude that they are made by Plaintiffs.

14. If defendants are not stopped from marketing an electronic cigarette using the VAMP brand name, it is likely that consumers will become confused about the source and origin of Plaintiff TI BEVERAGE GROUP's VAMP E-CIG and mistakenly conclude that Plaintiff TI BEVERAGE GROUP's VAMP E-CIG is produced by Defendants or viceversa that Defendants are somehow connected with the sourcing of PLAINTIFFS' brands.

## COUNT I –VIOLATION OF LANHAM ACT 15 U.S.C. §1114
### (Against All Defendants)

15. Plaintiffs re-allege the allegations in paragraphs 1 though 14.

16. Defendants have engaged in, and continue to engage in, the wrongful exploitation of Plaintiffs' registered trademarks.

17. Defendants' electronic cigarette branding so closely resembles TI BEVERAGE GROUP's electronic cigarette branding and other products that the public is likely to be confused and deceived, and to assume erroneously that defendants' line of electronic cigarettes is Plaintiffs, or that defendants are in some way connected with, sponsored by, or affiliated with Plaintiffs, all to Plaintiff's detriment and irreparable damage.

18. Defendants are not affiliated with, connected with, endorsed by, or sponsored by Plaintiffs, nor have Plaintiffs approved or authorized any of the goods or services offered or sold by defendants.

19. Plaintiffs have no control over the nature and quality of the goods and

services offered and sold by defendants or its licensees. Any failure, neglect, or default by defendants or its licensees in providing such products will reflect adversely on Plaintiffs as being the believed source of said failure, neglect, or default, thereby hampering Plaintiffs' efforts to continue to protect its outstanding reputation and preventing Plaintiffs from further building its reputation. Said failure, neglect, or default will result in loss of sales by Plaintiffs, and loss of value of Plaintiffs' considerable expenditures to promote its goods and services under its Vampire family of brands, all to the irreparable harm of Plaintiffs.

20. Defendants have committed trademark infringement of Plaintiffs' trademarks in their deceptive marketing of electronic cigarettes using the VAMP brand name.

21. Defendants have induced and enabled others to infringe Plaintiffs' trademarks, and trade names.

22. Defendants have acted with bad intent and culpably in selecting, using, and approving of the use of Plaintiffs' trademarks in the distribution, marketing, promotion, advertisement, offering for sale, and sale of their electronic cigarette.

23. Defendants have promoted, advertised, offered for sale, and/or sold, a line of electronic cigarettes using the Vamp mark through persons not authorized, employed by, or associated in any way with Plaintiffs and have used the aforementioned trademarks as a false designation and a false representation for electronic cigarette products.

24. None of the Defendants activities alleged in this complaint have been authorized by Plaintiffs, and such unauthorized use by Defendants of Plaintiffs' trademarks in interstate commerce, commerce substantially affecting interstate commerce in this district, and elsewhere throughout the United States, constitutes infringement and an inducement to infringe Plaintiffs' trademarks, and such activities are likely to cause confusion, mistakes, and to deceive the public at large.

25. Upon information and belief, Defendants have acted with the unlawful purpose of:

    a. Improperly taking advantage of the valuable goodwill belonging to Plaintiffs;

    b. Soliciting Plaintiffs' customers and/or potential customers, attempting to sell, and selling to such customers and potential customers, electronic cigarettes marketed under the Vamp brand name through persons not authorized by, employed by, or associated in any way with Plaintiffs;

    c. Inducing others to infringe Plaintiffs' trademarks; and

    d. Causing the goods of persons not authorized by, employed by, or associated in any way with Plaintiffs to be falsely represented as if they were rendered, authorized, sponsored by, endorsed by, or otherwise connected with Plaintiffs and its licensed trademarks.

26. Defendants' conduct, as alleged in this complaint, constitutes a violation of 15 U.S.C. § 1114.

27. If Defendants are allowed to continue marketing and selling the accused products, Plaintiffs will be damaged as alleged in this complaint, and the Defendants will profit thereby. Furthermore, unless the Court permanently enjoins Defendants' conduct as alleged in this complaint, Plaintiffs' business, goodwill, and reputation will suffer irreparable injury of an insidious and continuing sort that cannot be adequately calculated and compensated in monetary damages.

28. Defendants' aforementioned acts and conduct are being done willfully and with an intent to ride on, and/or step on and demolish, the goodwill Plaintiffs has worked hard to develop. Plaintiffs are therefore entitled to treble damages arising therefrom, as well as reimbursement of Plaintiffs' attorneys' fees and costs.

29. The intentional nature of defendants' acts makes this an exceptional

case under 15 U.S.C. §1117(a).

30. The intentional nature of defendants' acts and conduct makes this a case suitable for an award of Three Times Defendants' profits.

## COUNT II

## VIOLATION OF LANHAM ACT 15 U.S.C. §1125

### (Against All Defendants)

31. Plaintiffs repeat each allegation contained in paragraphs 1 through 30 as though set forth herein at length.

32. Defendants have engaged in, and continue to engage in, the wrongful exploitation of Plaintiffs' Vamp brands. In addition to defendants' VAPING VAMP line of electronic cigarettes being confusing similar to Plaintiffs' VAMP Electronic cigarettes, the public will naturally assume it is a spin-off of Plaintiff's family of Vampire Brands, and consumers will be confused as to the source of origin of defendants electronic cigarettes and Plaintiffs' line of beverage products.

33. Defendants' goods are so closely related to Plaintiffs' goods that the public is likely to be confused, to be deceived, and to erroneously assume that Defendants' marketing and sale of their VAPING VAMP electronic cigarette as packaged, advertised and promoted, are those of Plaintiff, or that Defendants are in some way connected with, sponsored by, or affiliated with Plaintiff, all to Plaintiffs' detriment and irreparable damage.

34. Defendants are not affiliated with, connected with, endorsed by, or sponsored by Plaintiffs. Furthermore, Plaintiffs have not approved any of the goods or services offered or sold by the Defendants.

35. Defendants conduct as alleged herein is likely to cause confusion, mistake and deceive the public as to the affiliation, connection, or association of defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of Defendants' electronic cigarette.

36. Defendants' aforesaid infringing conduct has been willful and committed with an intent to ride on, and/or step on and demolish, the goodwill Plaintiffs have worked hard to develop. Defendants' aforesaid infringing conduct has been willful and with knowledge that the sale, marketing, advertisement, and promotion of their line of electronic cigarettes will damage the goodwill of and hurt the prospects of future commercial success of Plaintiffs' VAMPIRE and VAMP family of brands. Plaintiff is therefore entitled to treble damages arising therefrom, as well as reimbursement of Plaintiff's attorneys' fees and costs.

## COUNT III

## VIOLATION OF LANHAM ACT 15 U.S.C. §1125c

### (Against All Defendants)

37. Plaintiff repeats each allegation contained in paragraphs 1 through 36 as though set forth herein at length.

38. Plaintiff's Vampire family of brands have appeared on The View, Anderson Cooper, CNN Headline News, Entertainment tonight, MTV's Viva La Bam, The Food Channel, A & E, and have been written up in widely circulated magazines such as Star Magazine, Shape, Maxim, InStyle, Elle, Spin, Rolling Stone, Marie Claire, Cosmo Girl, The Wine Enthusiast, and in regional newspapers such as the LA Times, the NY Times, the Houston Chronicle, and others, and as such have developed a fame all of their own catapulting the Vampire brand into the category of a famous mark.

40. Plaintiffs fear defendants' distribution, marketing, promotion, advertising, offering for sale, and sales of its accused products, is causing consumers to believe that Plaintiffs' VAMP E-CIG or its lines of VAMPIRE WINES are not of as high quality as they actually are and will tarnish, dilute and otherwise damage the reputation of Plaintiffs' products. This will lead to irreparable harm to Plaintiffs' goodwill, reputation, and sales.

MACHAT & ASSOCIATES, P.C.
433 N. Camden Drive, Ste. 730
Beverly Hills, California 90210
Telephone: (310) 860-1833

41. Defendants, if allowed to continue to distribute, market, promote, advertise, offer for sale, and sell its accused products to the public, will tarnish, dilute and otherwise damage the reputation of Plaintiffs' Vamp and Vampire Family of Brands. This will lead to irreparable harm to Plaintiffs' goodwill, reputation, and sales.

## COUNT IV
## UNFAIR COMPETITION – COMMON LAW, AND CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 et seq.

42. Plaintiffs repeat each allegation contained in paragraphs 1 through 41 as though set forth herein at length.

43. Defendants have engaged in unfair competition perpetrated against Plaintiffs by reason of the conduct alleged herein.

44. The unlawful and unfair conduct is injuring the goodwill of Plaintiffs.

45. Defendants are each liable for the unfair competition, and/or are liable for aiding and abetting such conduct.

46. By this conduct, Plaintiffs have directly suffered injuries and each Defendant has been unjustly enriched.

47. Plaintiffs are entitled to restitution, the recovery of damages, and the recovery of the profits earned by Defendants by virtue of their conduct.

48. As a consequence of the unfair competition by Defendants, Plaintiffs are suffering irreparable injury, by reason of which such conduct should be enjoined.

49. Plaintiffs are entitled to reasonable attorneys' fees.

50. Plaintiffs are informed and believe, and on that basis alleges, that the aforementioned conduct of Defendants is willful, oppressive, fraudulent, and

malicious, and Plaintiffs are therefore entitled to punitive damages.

## COUNT V
## UNFAIR COMPETITION – COMMON LAW, CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500 et seq.

51. Plaintiff repeats each allegation contained in paragraphs 1 through 50 as though set forth herein at length.

52. Defendants' use of the word Vamp in association with an electronic cigarette product, misrepresents the nature, characteristics, identity, and source or sponsorship of Defendants' goods, constitutes aiding and abetting liability for deceptive, untrue, and misleading advertising and therefore constitutes a violation of, inter alia, California Business and Professions Code §§17500 et seq. and California common law.

53. Defendants' uses are likely to deceive and will continue to deceive the consuming public. Defendants knew, recklessly disregarded, or reasonably should have known that such packaging, advertising, marketing, and promotion was untrue and/or misleading.

54. As a result of the conduct described above, Defendants have been and/or will be unjustly enriched at the expense of Plaintiffs and the general public. The interests of the general public and Plaintiffs are, therefore, closely related.

55. If not enjoined, Defendants will be unjustly enriched, by among other things, the receipt of sales revenues from consumers who mistakenly think that they are purchasing one of Plaintiffs VAMP electronic cigarettes both in California and throughout the world, but instead would be purchasing Defendants' goods which are promoted and sold through advertisements that affirmatively misrepresent, either directly or by implication, the nature, characteristics, identity, and source or sponsorship of the goods.

11

56. Pursuant to Business and Professions Code §§ 17203 and 17535, Plaintiffs, on behalf of itself and the general public, which is unable effectively to assert its interests, seeks an order of this Court ordering Defendants immediately to cease such support for acts of unfair competition and false advertising, and enjoining Defendants from continuing to import or export, distribute, market, promote, advertise, offer for sale, and sell, Defendants' electronic cigarettes branded with or promoted with the word Vamp, which falsely advertise or conduct business via the unlawful, deceptive, unfair or fraudulent business acts and practices, and the untrue and misleading advertising complained of herein. Plaintiffs additionally request an order disgorging Defendants' ill-gotten gains and restitution of all monies wrongfully acquired by Defendants by means of their support of such acts of unfair competition and false advertising, damages, interest and attorneys' fees.

WHEREFORE, Plaintiffs pray for judgment as follows:

1. That the Court adjudge and decree that Defendants have falsely designated the origin of certain electronic cigarettes as those of Plaintiffs, have made and used false representations in connection with the sale, offering for sale, promotion and advertising of such products, and have unfairly competed with Plaintiffs at common law.

2. That the Court adjudge and decree that Defendants have infringed Plaintiffs' registered VAMP trademarks for electronic cigarettes.

3. That the Court permanently enjoin Defendants, its agents, servants, employees, attorneys, and all persons acting in concert or participation with them, or with any of them from:

a. Using VAMP, or any other word or words which are similar to, or a colorable imitation of, Plaintiffs' trade names and marks, either alone, as part of, or together with, any other word or words, trademark, service mark, trade name, or other business or commercial designation in connection with the sale, offering for sale, advertising, and/or promotion of electronic cigarettes;

b. Selling, offering to sell, marketing, distributing, advertising and/or promoting any electronic cigarette product with the word VAMP or VAMPIRE displayed on the product, its packaging, advertising or promotional materials;

c. Representing directly or indirectly by words or conduct that any electronic cigarette accessory offered for sale, sold, promoted, or advertised by Defendants, is authorized, sponsored by, endorsed by, or otherwise connected with Plaintiffs;

d. Aiding or abetting in unfair competition against Plaintiffs;

e. Aiding or abetting in false advertising; and

f. Inducing others to engage in any of these aforementioned acts.

4. That the Court award an amount to be determined at trial but at least an amount equivalent to treble the amount of Defendants' illicit profits or Plaintiffs' lost profits, whichever is greater.

5. That the Court award an amount to be determined at trial but at least an amount equal to the cost of prospective corrective advertising.

6. That the Court award Judgment against Defendants for the full costs of this action, including the attorney's fees reasonably incurred by Plaintiffs.

7. That the Court Order such other, further and different relief as the nature of this action may require and as the Court may deem just and proper.

8. That the Court retain jurisdiction of this action for the purpose of enabling Plaintiffs, in their discretion, to apply to this Court at any time for such

further orders and directions as may be necessary or appropriate for the interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement of compliance therewith, and/or for the punishment of any violation thereof.

Respectfully submitted,

MACHAT & ASSOCIATES, P.C.

Dated: April __, 2013          By: _____

Michael Machat, Esq.

Attorneys for Plaintiffs VAMPIRE BRANDS, LLC and TI BEVERAGE GROUP, LTD.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all issues raised by the Complaint.

Respectfully submitted,

MACHAT & ASSOCIATES, P.C.

Dated: April __, 2013          By: _____

Michael Machat, Esq.

Attorneys for Plaintiffs VAMPIRE BRANDS, LLC and TI BEVERAGE GROUP, LTD.

14

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

### CV13- 2725 JFW (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Michael Machat
Machat & Associates, P.C.
433 N. Camden Drive, Ste. 730
Beverly Hills, CA 90210
Tel: (310) 860-1833

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAMPIRE BRANDS, LLC, and TI BEVERAGE GROUP, LTD, <br><br> PLAINTIFF(S) <br> v. <br><br> VAPING VAMPS, MARIA VERVEN and DOES 1 THROUGH 10, INCLUSIVE <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV13-02725 JFW(RZx) <br><br> SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Michael Machat, whose address is 433 N. Camden Drive, Ste 730, Beverly Hills, CA 90210. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____   By: _____
                             Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (10/11)                    SUMMONS

## I. (a) PLAINTIFFS (Check box if you are representing yourself ☐)

VAMPIRE BRANDS, LLC, and TI BEVERAGE GROUP, LTD

## DEFENDANTS (Check box if you are representing yourself ☐)

VAPING VAMPS, MARIA VERVEN, and DOES 1 THROUGH 10, INCLUSIVE

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Michael Machat
Machat & Associates, P.C.
433 N. Camden Drive, Suite 730
Beverly Hills, CA 90210   Tel: (310) 860-1833

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

## II. BASIS OF JURISDICTION (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

## V. REQUESTED IN COMPLAINT: JURY DEMAND: ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 1114, 1125

## VII. NATURE OF SUIT (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influ- enced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Com- modities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury- Med Malpratice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/ Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities- Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **CV13-02725**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)   CIVIL COVER SHEET   Page 1 of 2

# CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | MINNESOTA |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

*****Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____ DATE: April 17, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |